27053. BIGNAULT v. HENDRY.

Decided November 7, 1938.

*Aaron Kravitch,* for plaintiff in error.   *Oliver & Oliver,* contra.

STEPHENS, P. J.   ■   "'The general character of the parties, and especially their conduct in other transactions, are irrelevant matter, unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct." Code, § 38-202.   On the trial of a civil action for damages alleged to have been sustained by the plaintiff, a woman, as a result of an assault and battery upon her by the defendant, another woman, while the plaintiff and the defendant were in attendance at a theater, where the defendant admits the battery, but in her plea justifies it upon the ground that the plaintiff had been warned not to speak to or associate with the husband of the defendant, and that the plaintiff, with knowledge that the defendant was under the belief that the plaintiff was responsible for disorders in the home of the defendant, seated herself in the theater near the defendant and the latter's husband, knowing that in so doing the plaintiff would provoke trouble, and so seated herself for the purpose of taunting and offending the defendant, that by reason of such conduct on the part of the plaintiff the defendant slapped the plaintiff on the cheek with the open hand for the purpose of preventing a continuation of the "meddlesome attitude by the plaintiff that was causing destruction of her [the defendant's] home," and (although the defendant in her testimony expressly disclaimed any charge that there had been improper relations between the plaintiff and the defendant's husband) the defendant testified that by the way her husband conducted himself at home she knew that the plaintiff was causing trouble in the home, and that something *"wrong"* was happening; and where it appeared from the testimony that some one had been *"*toting stories" about the plaintiff and the defendant's husband, it appears from the defendant's plea and from the evidence that "the nature of the action involves" the character and conduct of the plaintiff as a woman of good moral character and one who would not intermeddle into the marital affairs of others.   Evidence that the plaintiff was of such character was relevant to the issues made, and the court did not err in admitting it.

■   The charge of the court in giving the contentions of the plaintiff as alleged in the petition is not subject to the objection

that the court unduly stressed the contentions of the plaintiff without stating the contentions of the defendant, where it does not appear that the court did not somewhere in the charge state the contentions of the defendant.

■ Where it appears from the evidence that the defendant assaulted the plaintiff by slapping the plaintiff in the face at a public theater in the presence of many people, and at the same time used to and of the plaintiff violent and abusive language, and called the plaintiff vile names, and that the defendant justified this conduct upon the grounds alleged in the plea of justification, the jury was authorized to find that the defendant committed an unjustifiable assault and battery upon the plaintiff, and did so under circumstances of aggravation, either in the act or the intention, sufficient to authorize the jury to give punitive or exemplary damages. The court did not err in instructing the jury that if they should find that there were aggravating circumstances, the jury would be authorized to find such damages. Such charge was not subject to the objection that it contained an expression of opinion by the court as to what facts had been proved as constituting aggravating circumstances.

■ The verdict for the plaintiff was authorized, and no error appears. *Judgment affirmed. Sutton and Fellon, JJ., concur.*